**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CIVIL ACTION NO. 03-284-JBC**

**MARY F. WRIGHT,**                                                      **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \***

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain

judicial review of an administrative decision of the Commissioner of Social Security

denying her application for Supplemental Security Income (SSI) and Disability

Insurance Benefits (DIB).  On cross-motions for summary judgment (DE 14, DE 18),

the court referred this action to United States Magistrate Judge James B. Todd,

who issued Proposed Findings of Fact and Recommendation (DE 19).  The plaintiff

has filed objections to the Report and Recommendation (DE 20).

When the parties to an action submit objections to the Magistrate Judge's

report, the district court reviews the record *de novo*.  28 U.S.C. § 636(b)(1)(C).

The court, having reviewed the record in light of the plaintiff's objections and

being otherwise sufficiently advised, will adopt the Magistrate Judge's Report and

Recommendation and affirm the Commissioner's decision.

**Factual Background**

The plaintiff is a 48-year-old female who alleges she became disabled on

April 17, 2000, due to injuries sustained in a motor vehicle accident, degenerative

disc disease, depression, anxiety, and obesity.  AR 63.  The plaintiff's initial DIB

and SSI applications were denied, resulting in an ALJ hearing on October 8, 2002.

On October 25, 2002, ALJ Charles J. Arnold found that the plaintiff was not

disabled and was not entitled to disability benefits under either her DIB or SSI

applications.  AR 62-70.  The Appeals Council denied the plaintiff's request for

review of that decision, and the plaintiff then sought judicial review in the present

action.

On March 22, 2004, the court granted the Commissioner's motion to remand

the case because of the Commissioner's inability to prepare a certified record.  AR

73, 75-76.  The Appeals Council then vacated the Commissioner's earlier decision

and remanded the case to the Chief ALJ.  AR 71-72.  On December 15, 2004, a

second hearing was held before ALJ Arnold.  This hearing resulted in another

decision by the ALJ that the plaintiff was not disabled and was not entitled to

disability benefits.  AR 15-21.  The Appeals Council again denied review of the

decision, and the case was redocketed for review in this court.

On April 28, 2006, the Magistrate Judge issued a Report and

Recommendation stating that the Commissioner's decision that the plaintiff is not

disabled was supported by substantial evidence.  The plaintiff then timely filed

objections to this Report and Recommendation.

**The Plaintiff's Objections to the Report and Recommendation**

The plaintiff objects to the Magistrate Judge's Report and Recommendation

on the ground that the Magistrate Judge incorrectly concluded that the Plaintiff's treating physician, Dr. William C. Greenman, did not find her totally and permanently disabled.  The plaintiff also alleges that the Magistrate Judge failed to consider medical opinions from Dr. Gregory L. Anderson and Dr. Anne M. Shurling and medical records from Bluegrass Regional Mental Health regarding the plaintiff's psychological condition.

Review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards.  *Brainard v. Sec'y Heath & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)).  "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson*, 402 U.S. at 401.

**A.    Finding that Dr. Greenman Did Not Consider the Plaintiff to be Totally and Permanently Disabled**

By letter dated August 1, 2001, the plaintiff's treating physician, Dr. William C. Greenman, informed the plaintiff's counsel that an MRI performed on the plaintiff revealed disc herniations at the LI-2 and L5-S1 levels.  AR 277.  Dr. Greenman also stated that a disc herniation of the C5-6 level was present in the neck.  *Id.*  He concluded that the plaintiff was unable to perform activities requiring bending or lifting, *Id.*, which essentially mirrored a finding he had made on August 12, 2000.

3

AR 288.

The Magistrate Judge was apparently unable to locate any statement by Dr. Greenman in the record to the effect that the plaintiff is totally and permanently disabled, and the court is equally unable to do so.  In her objection to the Magistrate Judge's Report and Recommendation, however, the plaintiff claims that Dr. Greenman opined that the plaintiff was totally and permanently disabled in a form he completed for the Cabinet for Families and Children.  The plaintiff provides no citation to the record for this document, and the court could not locate it therein.  The court's scope of review is limited to the administrative record before it, and that record contains no statement by Dr. Greenman that can be construed to mean that the plaintiff is totally and permanently disabled.  Thus, the Magistrate Judge's conclusion that Dr. Greenman did not consider the plaintiff to be totally and permanently disabled was in accordance with the evidence in the record and was not erroneous.

**B.    Failure to Consider Opinions Concerning Psychological Condition**

The plaintiff also objects to the failure of the Magistrate to consider medical evidence of her psychological disabilities presented by three separate examiners. On January 21, 2001, Dr. Gregory L. Anderson diagnosed the plaintiff as suffering from obesity; depression and anxiety, worse since the plaintiff's motor vehicle accident (MVA); MVA 4/17/00; cervical and lumbar sprain with musculoskeletal discomfort and tendinitis.  AR 242.  Dr. Anderson also stated that it was difficult to

4

correlate her MRI results with her symptoms.  *Id.*  In February of 2001, Dr. Anderson reported that the plaintiff was in moderate discomfort but possessed normal motor strength.  AR 238.  On May 8, 2001, Dr. Anne M. Shurling examined the plaintiff and found that she had a history of depression and anxiety, generally controlled by medication; degenerative disc disease and obesity; disabled spouse, health and financial concerns.  AR 261.  Dr. Shurling did, however, assign the plaintiff a GAF score of 60, indicating moderate symptoms of psychological dysfunction.  *Id.; see Nowlen v. Comm'r of Soc. Sec.*, 277 F. Supp. 2d 718, 726 (E.D. Mich. 2003).  Dr. Shurling also opined that the plaintiff may be "somewhat malingering in order to gain disability status" and would function better when medicated.  AR 261.  Finally, the plaintiff was treated at Bluegrass Regional Health from May to December of 2001.  The plaintiff's reports from Bluegrass Regional indicate that she was diagnosed as having major depression recurrent, moderate. AR 339.  She was assigned a GAF score of 50 by the examining clinician.  *Id.*  Her reports also state that she attended only a few sessions at which she would ruminate about her situation and did not participate in suggested tests.  *Id.*

The court is unable to agree with the plaintiff that the Magistrate Judge's failure to examine this evidence was erroneous.  When considered as a whole, the diagnoses of these physicians present plaintiff as only moderately mentally disabled.  Further, they state that the plaintiff was generally unwilling to participate in therapy to remedy her condition and possibly exaggerated the gravity of her

problems to gain disability status.  Even if these reports were presumed to be conclusive, they do not justify a finding that the plaintiff was totally and permanently disabled.

In any event, it appears from the record that both the ALJ and the Magistrate Judge did consider this psychological evidence in issuing their opinions.  The ALJ explicitly discussed the above-described reports in his opinion, yet still found the plaintiff not to be disabled.  AR 18, 21.  Although the Magistrate Judge did not directly mention the psychological examinations, the Report and Recommendation did state that no medical opinions by any physicians indicate that the plaintiff is totally disabled for all employment.  Report and Recommendation, 5 at n.1.  Thus, the court finds that, even when the psychological evidence presented by the plaintiff is taken into account, the decision of the ALJ was supported by substantial evidence.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation (DE 19) is **AFFIRMED** and is **ADOPTED** as this court's opinion with the revisions discussed above.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 18) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 14) is **GRANTED**.

6

_____ Signed on July 26, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY